**John William LINVILLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 66780–66782.**

Court of Criminal Appeals of Texas,
Panel No. 3.

April 1, 1981.

Robert T. Baskett, Dallas, court appointed on appeal only, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly, Paul Macaluso and Brad Lollar, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

These are appeals from a conviction of aggravated robbery and two convictions of attempted capital murder. Appellant entered a plea of not guilty, but changed to a plea of guilty before the jury returned their verdict. The jury assessed punishment for the aggravated robbery at fifty years, and punishment at seventy-five years each in the two attempted capital murder convictions.

The only contention to be discussed is that the trial court erred in failing to grant appellant's motion to quash the aggravated robbery indictment. The indictment charging aggravated robbery states that appellant did:

"... then and there while in the course of committing theft and with intent to obtain and maintain control of the property of Loretta Gibbs, hereinafter called complainant, the said property being an automobile, without the effective consent of the said complainant and with intent to deprive the said complainant of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a handgun, knowingly and intentionally threaten and place the said complainant in fear of imminent bodily injury, ..."

Appellant claims that the phrase "while in the course of committing theft ..." encompasses four variant methods of commission of the offense. He contends that V.T. C.A., Penal Code, Section 29.01(1) defines the phrase as including conduct that occurs (1) in an attempt to commit, (2) during the commission, or in the (3) immediate flight after the attempt, or (4) commission of theft.

 In *Garcia v. State*, 595 S.W.2d 533 (Tex.Cr.App.1980), this Court held that under V.T.C.A., Penal Code, Section 29.02

(robbery), the indictment need only require a pleading and proof that the placing in fear was done "in the course of committing theft." Since theft is only the underlying offense for the robbery, the elements and facts surrounding the theft need not be alleged in the indictment. *McWherter v. State*, 607 S.W.2d 531 (Tex.Cr.App.1980); *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App. 1976); see also, *Hammett v. State*, 578 S.W.2d 699 (Tex.Cr.App.1979). Moreover, we have held similar indictments to be proper. *Riles v. State*, 595 S.W.2d 858 (Tex. Cr.App.1980); *Conrad v. State*, 537 S.W.2d 755 (Tex.Cr.App.1976); *Davis v. State*, 532 S.W.2d 626 (Tex.Cr.App.1976).

We do not find that the phrase is so unduly vague or broad as to fail to give the appellant adequate notice of the charges. The trial court did not err in refusing to grant appellant's motion to quash. No error is shown.[1]

The judgments are affirmed.

---

1. The other contentions have been considered. They do not merit discussion and, accordingly, are overruled.