Lonnie E. SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0836–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 1982.

Discretionary Review Granted
Feb. 16, 1983.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before JACK SMITH, BASS and DUGGAN, JJ.

OPINION

JACK SMITH, Justice.

This is an appeal from a conviction for burglary of a habitation. A jury found the appellant guilty as charged, and the trial judge found the enhancement paragraph to be true and assessed his punishment at sixteen years confinement.

The appellant's sole ground of error states that the trial court erred in denying his motion to set aside the indictment because it failed to define the nature of the "theft" and the manner of "entry" into the habitation. The indictment charged that the appellant:

With intent to commit theft, entered a habitation owned by Joseph Richard, Jr. ... without the effective consent of [Joseph Richard, Jr.], namely without any consent of any kind.

Paragraph IV of the appellant's motion stated as follows:

The defendant is not adequately notified by the word "enter" as to whether he allegedly intruded any part of his body into the habitation or he allegedly intruded a physical object connected with his body as defined by § 30.02(b) of the Penal Code of the State of Texas.

The appellant filed the above pre-trial motion on November 16, 1981, and it was argued that same day. The appellant stated, in his argument to the court, that "one of the reasons" which justified setting aside the indictment, was that the term "theft" was not defined. The court overruled the motion, and stated, "I also believe the allegation in the indictment is sufficient."

"Theft" is defined in § 31.02, Tex.Penal Code Ann. (Vernon 1973), which states:

Theft, as defined in § 31.03 of this code constitutes a single offense superceding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by theft, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property.

"Entry" is defined in § 30.02(b) Tex.Penal Code Ann. (Vernon 1973), as: (1) to intrude any part of the body, or (2) to intrude any physical object connected with the body.

The appellant contends that he timely filed a motion to set aside the indictment on the grounds that it failed to adequately define specific acts or omissions by the defendant which were necessary to notify him of the nature of the accusation against him. He quotes from *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981):

> ... it is clear that even though an act or omission by defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish.

The appellant further cites *Coleman v. State,* 629 S.W.2d 126 (Tex.App.—Dallas 1981), which held that upon timely request the term "appropriate," must be defined by the State, or the indictment must be set aside as fatally defective.

The State contends that while the definition of "entry" does pertain to the *actus reas* of burglary, and hence must be defined upon a timely motion to set aside the indictment, the appellant failed to preserve the error. The State's argument, in effect, is that although the appellant's written motion to set aside the indictment was before the court, the oral argument of the appellant's counsel addressed only one paragraph of the motion, the paragraph concerning the "theft" issue. Therefore, the State urges, the record does not show that the judge ever heard or ruled on the "entry" issue. The State cites *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974) for the proposition that it is not sufficient for a defendant merely to file a motion to quash, he must bring the motion to the trial court's attention for the motion to be properly before the court. While the State's contention, is well taken, the record reflects that the trial court had the written motion properly before it.

As stated above, the appellant's motion was filed and argued the same day. This motion contained four specifically enumerated reasons why the indictment should be set aside, including the failure of the indictment to adequately notify the appellant of the use of the word "enter". In his argument to the court, the appellant stated that "one of the reasons" which justified setting aside the indictment was that the term "theft" was not defined. The court, in overruling the motion, stated "I also believe the allegation in the indictment is sufficient."

The State has cited no cases which require that appellant orally bring to the court's attention each and every ground of error alleged in a written motion to set aside the indictment, in order to preserve error on appeal. The only cases we find discussing this element of preservation of error concern the failure to give the court notice that a motion to set aside had been filed, and the failure to obtain a ruling on that motion prior to trial. See, e.g., *Wilson v. State,* 398 S.W.2d 291 (Tex.Cr.App.1965).

We hold that the appellant timely brought to the trial court's attention his written motion to set aside the indictment when he appeared and made oral argument at the pre-trial hearing on the motion. We further hold that he did not waive those grounds of error asserted in the motion by not addressing them in oral argument. The trial court erred in denying the motion because the indictment did not state with specificity the manner of entry by the appellant. Thus, the indictment failed to notify the appellant of the nature of the accusation against him.

The judgment of the trial court is reversed and the indictment ordered dismissed.