circumstances the complained of argument was a reasonable deduction from the evidence and was not an improper argument. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr. App.1973).

The judgment of the Court of Appeals is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority opinion's conclusion that the complained of argument was a reasonable deduction from the evidence. The majority opinion does not set out any evidence from the trial of this case that would support a reasonable deduction that the prosecutrix had been manipulated into signing the affidavit. Is the majority relying on evidence that appellant's mother brought food and other things for her own grandchild? Is the majority relying on testimony that the prosecutrix and her mother talked to counsel because they wanted appellant released? These do not show manipulation. If there is other evidence upon which the jury argument could be based, the majority should set it out in the opinion.

The trial court overruled the objection to the improper jury argument. If the objection had been sustained and the jury instructed to disregard I could concur in the result, but appellant's objection was overruled. The judgment should be reversed.

CLINTON, TEAGUE and MILLER, JJ., join this dissent.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and David Mendoza, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

**Lonnie E. SMITH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 010–83.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1983.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of burglary of a habitation. The court assessed punishment, enhanced pursuant to V.T.C.A., Penal Code, § 12.42(c), at 16 years' imprisonment.

The Court of Appeals for the 1st Supreme Judicial District reversed the judgment on the ground that the court erred in failing to grant appellant's motion to quash the indictment for failure to allege in what

manner appellant "entered" the habitation in question.[1]

We have held that the act of *intrusion*, whether by the body or by physical object connected thereto, is the "act" within the meaning of V.T.C.A., Penal Code, § 30.-02(b), and that further elucidation of the means of entry is not necessary for an indictment such as the instant one to withstand a motion to quash. *Marrs v. State*, 647 S.W.2d 286 (Tex.Cr.App.1983).

The judgment of the Court of Appeals, 646 S.W.2d 497, is reversed. The cause is remanded to that court for consideration of the remainder of appellant's grounds of error.

**Wilhelmina MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68496.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1983.

Carolyn F. Moore (court appointed), Lubbock, for appellant.

John T. Montford, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for aggravated robbery; the punishment, which is enhanced by two prior felony convictions, is imprisonment for life.

In the third ground of error the appellant asserts that damaging hearsay testimony was admitted over her timely objection. The State argues that: "The testimony in question directly refuted the testimony of two of the appellant's witnesses. The State respectfully contends that this testimony was admissible because it had the indicia of reliability that takes hearsay out of the general rule of exclusion, and allows its admission as competent evidence ... be-

---

1. V.T.C.A., Penal Code, § 30.02(b) defines "entry" as "to intrude (1) any part of the body; or (2) any physical object connected with the body."