**Charles V. HARRELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00017–CR.**

Court of Appeals of Texas,
El Paso.

March 14, 1984.

John T. Garcia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

Charles V. Harrelson was convicted upon his plea of nolo contendere before the court

for the offense of possession of cocaine, enhanced by a prior felony conviction, and sentenced to forty years imprisonment. Because of the error of the trial court in accepting a nolo contendere plea conditioned upon the Appellant's right to appeal the trial court's ruling on certain pretrial motions, in a case which did not come within the criteria of Article 44.02, Tex.Code Crim.Pro.Ann., the conviction is reversed and the case remanded for a new trial.

On August 31, 1980, law enforcement officers found Harrelson seated on the ground near a white Corvette, with a flat tire, on Interstate Highway 10 in Culberson County. The Appellant had a large caliber pistol pointed at his chin. Although he identified himself, he refused to surrender to law enforcement officers until a friend arrived from El Paso. When the friend arrived, he placed the pistol on the ground and surrendered. A Department of Public Safety agent took possession of a shoulder bag that Harrelson had retained in his immediate possession throughout this incident. A search of the bag disclosed over 200 grams of cocaine.

On December 7, 1981, when the case was called for trial, Harrelson entered a plea of nolo contendere conditioned upon his right to appeal certain pretrial motions, including a motion to suppress and a motion to dismiss under the Speedy Trial Act. At the time the plea was entered, the following exchange occurred between the court and counsel for Harrelson:

THE COURT: And having considered the laws involved in the case, taking into consideration these circumstances and all that you may know about the case, are you satisfied that it is legally sound for him to enter pleas of nolo contendere as he has entered here to the two charges of the commission of offenses, on the 31st day of August, 1980?

MR. CHAGRA: I do, your Honor, with the understanding that the Court is allowing us to appeal our pre-trial motions the Court has already heard.

THE COURT: Well, I will state into the record that I have stated to him, it is my opinion that that's the law, and I will allow him to appeal the pre-trial motions.

MR. CHAGRA: I want the record to reflect, your Honor, that we would not be entering these pleas if we did not have the right to appeal this.

THE COURT: All right. I am just stating into the record that that's my understanding of the way that the plea is made because that's the law.

■ Article 44.02, Tex.Code Crim.Pro. Ann., gives to a defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court the right to appeal when permission is given by the trial court or on matters raised by written motion filed prior to trial. But, such right of appeal as to nonjurisdictional issues exists only in those cases where there is a negotiated plea based upon the prosecutor's recommended punishment and the court assesses punishment within that recommendation which has been agreed to by the defendant and his attorney. *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr. App.1978). Also see: *King v. State*, 656 S.W.2d 617 (Tex.App.—Fort Worth 1983, PDRG).

■ We conclude that the Appellant was misled by the court, however inadvertent that may have been, in entering his plea of nolo contendere. The Appellant's Ground of Error No. Four is sustained.

Since this is not an appeal in accordance with the provisions of Article 44.02, Tex. Code Crim.Pro.Ann., we may not consider the other points of error which are based upon certain pretrial motions. Since the case must be reversed for a new trial, we need not pass upon those points of error which contend there was a conflict of interest between the Appellant and his counsel. Because the conviction was based upon the improvidently entered plea of nolo contendere, the judgment is reversed and the case remanded for a new trial.