**Ricardo Romero LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–83–00121–CR.**

Court of Appeals of Texas, El Paso.

April 25, 1984.

William J. Ellis, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a conviction for robbery. Appellant pled guilty and punishment was assessed by the court at ten years imprisonment, with consideration of shock probation under Tex.Code Crim.Pro. Ann. art. 42.12, sec. 3e(a) (Vernon Supp. 1984). We affirm.

■ Appellant's sole ground of error challenges the trial court's denial of his motion to quash the indictment. The plea was not the result of an offer by the State, accepted by the Appellant. See: Tex.Code Crim.Pro.Ann. arts. 26.13(a)(3) (Vernon Supp.1984) and 44.02 (Vernon 1979). When a guilty plea is founded upon such offer

and acceptance and the court sentences within the recommendation made by the State, a defendant may preserve appellate review of any matters raised by written pretrial motion or upon which the trial court grants permission to appeal. See: *Galitz v. State,* 617 S.W.2d 949 (Tex.Crim. App.1981); *Ferguson v. State,* 571 S.W.2d 908 (Tex.Crim.App.1978); *Harrelson v. State,* 668 S.W.2d 455 (Tex.App.—El Paso, (1984) pet. pending).

■ Those who plead guilty without meeting the aforementioned statutory requirements still have a right to appeal, but the range of issues subject to review is much narrower. Such appeals are restricted to fundamental errors affecting the jurisdiction of the trial court or errors associated with the acceptance of the plea (e.g. failure to admonish, voluntariness, sufficiency of the evidence to support a plea to the court).

■ The error alleged in the present ground of error is not fundamental. The indictment states an offense, alleges every element of the offense required for conviction and does so in the precise language of Tex.Penal Code Ann. sec. 29.02(a)(1) (Vernon 1974). Appellant's complaint alleges only a notice defect. While such an error may be preserved under Code of Criminal Procedure arts. 26.13 and 44.02, it may not be raised following a "blind" plea. The scope of this Court's appellate review is governed by statute and may not be expanded by the trial court's unfounded permission to appeal errors not preserved in accordance with the statutory prerequisites. Nor does the statute provide for treating a probation department pre-plea recommendation as one made by the prosecuting authority. The waiver forms presented to the court in this case clearly state that the prosecuting authority would make no recommendation to either the Appellant or the court.

■ In *Harrelson,* the Appellant included in his grounds of error a complaint that he had been misled in entering his plea by the assurance of the court that his search

issue would be appealable. Consequently, his plea was involuntary. We agreed, reversed and remanded. Appellant has not raised such an issue before this Court, although the record demonstrates a conditional plea with trial court assent to appellate review of the pleading complaint. The present status of the case leaves us no alternative but to overrule Ground of Error No. One.

■ A habeas corpus challenge to the voluntariness of the plea may be reasonably anticipated. If Appellant were to prevail, this would simply return the litigants to a pre-plea posture with the ultimate pleading issue unresolved and much time wasted. Because of that prospect, we make the following observations concerning the alleged notice defect in the indictment. The indictment alleges that the assaultive elements of Appellant's behavior occurred "in the course of committing theft." Penal Code sec. 29.01(1) states that the phrase means "in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." Appellant concedes the established rule that in a robbery indictment the constituent elements of the underlying theft need not be alleged. He nonetheless contends that the challenged phrase alleges essential culpable conduct on his part which is variously defined by the statute and is therefore subject to a demand for specificity via a motion to quash. *Gibbons v. State,* 652 S.W.2d 413 (Tex.Crim.App. 1983) ("abduct"); *Coleman v. State,* 643 S.W.2d 124 (Tex.Crim.App.1982) ("appropriate"); *Kass v. State,* 642 S.W.2d 463 (Tex. Crim.App.1982) ("sexual conduct"); *Gorman v. State,* 634 S.W.2d 681 (Tex.Crim. App.1982) ("appropriate"); *Ferguson v. State,* 622 S.W.2d 846 (Tex.Crim.App.1981) ("delivery"). This rule does not encompass elements which are not acts or omissions of the defendant. *Phelps v. State,* 623 S.W.2d 936 (Tex.Crim.App.1981) ("possession"); *Thomas v. State,* 621 S.W.2d 158 (Tex.Crim.App.1981) ("owner", "effective consent").

In two recent burglary cases, the Court of Criminal Appeals ruled that even in the face of a motion to quash, the State need not allege whether the defendant intruded a part of his body or an object connected to his body. Tex.Penal Code Ann. sec. 30.-02(b) (Vernon, 1974). The underlying act was singularly defined as an intrusion, regardless of the specific object which entered. *Smith v. State,* 652 S.W.2d 410 (Tex.Crim.App.1983); *Marrs v. State,* 647 S.W.2d 286 (Tex.Crim.App.1983).

■ The present ground of error raises an issue resolved adversely to the Appellant in *Linville v. State,* 620 S.W.2d 130 (Tex.Crim.App.1981). While decided in close proximity to the above-cited cases, *Linville* obviously precedes them in date of decision. It nonetheless is a later case than *Cruise v. State,* 587 S.W.2d 403 (Tex. Crim.App.1979); *Haecker v. State,* 571 S.W.2d 920 (Tex.Crim.App.1978); and *Drumm v. State,* 560 S.W.2d 944 (Tex. Crim.App.1977), which provided a basis for decision in the later cases. *Linville* distinguishes this case from the others requiring more specific pleading by emphasizing that the theft elements are simply an underlying criminal framework for the substantive robbery offense which is essentially assaultive in nature. The same rationale which excuses the State from pleading the constitutent elements of the underlying theft should also preclude the need to specify the stage of theft at which the assaultive conduct occurred. While the burglary cases, *Smith* and *Marrs,* were decided upon essentially grammatical construction of the statute, they are of instructional value beyond the somewhat mechanical analysis presented. While the underlying conduct, entry or intrusion, may be performed in different manners, from a notice standpoint the conduct is essentially singular in nature. This is true even when we recognize that the various ways of intruding need not ultimately progress one into the other. Intrusion of an object for theft purposes need not ultimately lead to bodily entry. The burglary/theft may be completed solely by instrument. Nonetheless, greater specificity is not required; the de-

fendant is adequately notified of his alleged non-consensual entry for the specified criminal purpose of theft or other felony. By analogy, a robbery, chiefly distinguished by its violent content, is superimposed upon a singular underlying act of theft. While Section 29.01(1) describes conduct of the defendant, it does so only to establish temporal reference points for the assaultive conduct of the primary offense. Under the circumstances, we would adhere to the rule set out in *Linville* and decline to extend the *Gorman* line of cases to this pleading.

The judgment is affirmed.