**Jeffrey Lewis HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–93–00522–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 1995.

Discretionary Review Refused Nov. 8, 1995.

Tony Aninao, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before YATES, FOWLER and DRAUGHN,* JJ.

## OPINION

DRAUGHN, Justice (Assigned).

Appellant entered a plea of not guilty before a jury to the offense of possession of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a, b) (Vernon 1992). After the jury found him guilty, the trial court found the two enhancement paragraphs true, and assessed punishment at confinement for forty years in the Texas Department of Criminal Justice, Institutional Division. Appellant raises four points of error. The State raises one cross-point. We affirm the judgment of the trial court.

On the afternoon of September 9, 1992, Isidro Almendarez was picking up trash at his job when he saw someone crawl underneath the fence of a nearby house. Almendarez informed his boss, who in turn called the police. Houston Police Officers Kevin Rambo and Antonio Garza responded to the call and spoke with Almendarez. The officers discovered that a portion of the fence had been folded back. They crawled through the hole in the fence and found the windows of the house had been pulled open and the residence had been entered by force. Inside the house, Officer Rambo found appellant sleeping on the floor. Appellant told the officers he had gone into the house to uri-

nate. While making a routine pat-down search, Officer Rambo found a crack pipe in appellant's left pocket. A chemical analysis determined the pipe contained 8.3 mg of cocaine.

■ In his first point of error, appellant contends the trial judge erred by permitting improper jury argument. In the State's closing argument, the prosecutor argued that the officers did not plant the crack pipe on appellant. Appellant claims he never argued that the officers planted the crack pipe on him; thus, he contends that the argument was outside the scope of permissible jury argument. Jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to the argument of opposing counsel; and (4) pleas for law enforcement. *Sterling v. State*, 830 S.W.2d 114, 120 (Tex.Crim.App.1992). However, even if argument exceeds the bounds of proper jury argument, it is not reversible error unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *McKay v. State*, 707 S.W.2d 23, 26 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). The State's closing argument in relevant part was as follows:

> PROSECUTOR: Mr. Sanchez indicated his client came up here and told the truth. He indicated that these two officers took the stand and made up a case because they were overzealous. It's his testimony that they would plant a crack pipe on the defendant to make a case for possession of a controlled substance. That's their case. The fact is—
>
> APPELLANT'S ATTORNEY: Excuse me, Your Honor. I don't believe I ever elicited testimony or made any statement to the jury that the pipe was planted.
>
> THE COURT: Well, I don't know whether you did or not, but it's argument and they've heard the evidence. It's overruled. You may proceed.

* The Honorable Joe L. Draughn sitting by assignment.

THE PROSECUTOR: Now, I want to have y'all think about something. The entire focus of this, the defense argument, is two overzealous cops fighting over charges of what to press against this defendant. And think about it. If they were fabricating testimony, do you think they would have done such a lousy job of it? Do you think they would have planted a crack pipe such as this to make a case? Does that make sense to you, ladies and gentlemen? It doesn't.

APPELLANT'S ATTORNEY: Your Honor, we object. We have never in these proceedings made any inference or had any testimony saying that the officers planted a crack pipe.

COURT: Objection overruled.

While appellant may not have claimed that the officers planted the crack pipe, appellant did assert that the officers were overzealous and that the officers lied about finding the crack pipe on him. Appellant directly attacked the credibility of Officer Rambo's testimony that appellant had a crack pipe in his pocket. Appellant also testified that Officer Garza said he found the crack pipe in the couch. While appellant may not have used the term, "planted," he did claim the police fabricated the evidence against him because they were overzealous. Thus, the prosecutor's arguments were reasonable implications and deductions from the evidence in response to the argument of opposing counsel. The trial court did not commit reversible error by permitting the prosecutor to argue that the officers did not plant the crack pipe. We overrule appellant's first point of error.

 In his second point of error, appellant contends there was insufficient evidence to support his conviction. When reviewing the sufficiency of the evidence, the appellate court will look at all the evidence in the light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984). In so doing, we determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Hilton v. State,* 879 S.W.2d 74, 79 (Tex.App.—Houston [14th Dist.] 1994, no

pet.). Appellant was charged with possession of cocaine. To sustain a conviction for possession of cocaine, the State needed to prove that appellant exercised care, custody and control over the cocaine, and appellant knew that the matter possessed was contraband. *Herrera v. State,* 561 S.W.2d 175, 179 (Tex.Crim.App.1978). At trial, Officer Rambo testified that he found a crack pipe in appellant's pocket. Appellant testified that he did not have a crack pipe in his pocket. A rational trier of fact could have believed the officer's testimony and found that appellant exercised care, custody and control over the crack pipe by having it in his pocket. There was sufficient evidence to support the conviction. We overrule appellant's second point of error.

 In his third point of error, appellant contends the trial court committed reversible error by overruling appellant's request for a special instruction on "knowing" possession. Appellant requested an instruction that read:

If you find from the evidence, or if you have a reasonable doubt thereof, that defendant did not know that the alleged controlled substance, if any, was in the house or the couch in the living room at the time of its seizure by the officer, if they were, and that same was not property of the defendant, then you will acquit the defendant.

The trial court properly overruled appellant's request for this special instruction because the jury charge adequately covered the issue of "knowing" possession. When the instructions in the jury charge requested by appellant is adequately covered by the charge given, no harm is shown. *Moody v. State,* 827 S.W.2d 875, 893 (Tex.Crim.App.1992). The charge stated, "(you should find defendant guilty) if defendant ... unlawfully, intentionally, and knowingly possess(ed) a controlled substance, namely cocaine." The charge given to the jury adequately covered appellant's requested instruction on "knowing" possession.

Additionally, appellant's requested instruction was factually and legally inaccurate. Appellant's requested instruction directed the jury to acquit if appellant did not know

that the alleged controlled substance was in the house or in the couch at the time of its seizure. Officer Rambo testified that he found the crack pipe in appellant's pocket. If the jury believed the officer's testimony, appellant's requested instruction would have lead the jury to acquit him because the pipe was not "in the house or the couch." Under appellant's requested instruction, the jury would have been directed to acquit appellant even if appellant clearly possessed the crack pipe by having it in his pocket. The trial court properly overruled appellant's request for a special instruction because it was inaccurate.

█ The trial court also properly denied appellant's request for an instruction because it was improper comment on the evidence. An instruction stating that the defendant's mere presence at the scene or mere knowledge of the substance is an improper comment on the weight of the evidence. *Bass v. State*, 830 S.W.2d 142, 147 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd.). Appellant's requested instruction commented on the evidence because it implied he was merely present at the scene. For the above reasons, the trial court properly denied appellant's requested instruction. We overrule appellant's third point of error.

In his fourth point of error, appellant contends the conviction should be reversed because the prosecutor engaged in misconduct by violating a direct order and continuing to conduct an improper voir dire of the jury. In its cross point, the State contends the trial court erred by limiting voir dire. During the voir dire, the prosecutor questioned the potential jurors about whether they could convict a person for possession of a "small amount" of cocaine. The trial court told the prosecutor that he could not use the expression, "small amount," but should use the expression, "less than 28 grams." The prosecutor continued to use the expression, "small amount." The trial judge again admonished the prosecutor to use the expression, "less than 28 grams." The prosecutor then asked the venireperson about an amount that was "less than 28 grams." The venireperson responded that he did not know the size of a gram. The court then said a

gram was the amount in an Equal packet. The prosecutor then asked the juror if possession of less than 28 grams or 28 Sweet–N–Lo packets of cocaine should be against the law.

█ We presume that a prosecution for the violation of a criminal law is undertaken in good faith and in a nondiscriminatory fashion for the purpose of fulfilling a duty to bring violators to justice. *United States v. Falk*, 479 F.2d 616, 620 (7th Cir.1973). Three factors that are considered in determining whether prosecutorial misconduct occurred are: (1) whether the prosecutor deliberately violated a court order, (2) whether the prosecutorial misconduct was so blatant as to border on being contumacious, and (3) whether the defendant objected to the conduct of the prosecutor. *Stoker v. State*, 788 S.W.2d 1, 14 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Although the prosecutor clearly did not agree with the trial judge's ruling, his statements were not so belligerent as to constitute the violation of a direct order. After being admonished by the court not to discuss "small amounts," the prosecutor complied and used the term, "less than 28 grams." The prosecutor's conduct was not so blatant as to be contemptuous toward the court. We find the prosecutor did not engage in misconduct; but, even if we were to employ a hypertechnical standard and find that his references to "small amounts" constituted a form of misconduct, such a finding would not by any means implicate a reversal of appellant's conviction. We overrule appellant's fourth point of error.

█ In its cross point, the State contends the trial judge unnecessarily restricted the State's voir dire. The trial judge has wide discretion in conducting voir dire; however, permissible areas of questioning in order to exercise peremptory challenges are broad and cannot be unnecessarily limited. *Shipley v. State*, 790 S.W.2d 604, 606 (Tex. Crim.App.1990); *Payton v. State*, 830 S.W.2d 722, 729 (Tex.App.—Houston [14th Dist.] 1992, no pet.). The decision of the trial court on limiting voir dire may only be reviewed to determine whether the restriction was an abuse of discretion. *Allridge v. State*, 762

S.W.2d 146, 163 (Tex.Crim.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1988); *Payton,* 830 S.W.2d at 729. The State contends the restriction on voir dire rose to the level of error as a matter of law. TEX.CODE CRIM.PROC.ANN. art. 44.01(c) (Vernon Supp.1995). We find that any error by the trial judge in limiting voir dire by not permitting the prosecutor to use the term, "small amount" was not an abuse of discretion. The trial judge simply directed the prosecutor to use the language of the crime charged. Further, any error caused by the limitation was harmless. We will not give an advisory opinion either approving the prosecutor's voir dire or the judge's analogous comparison of grams to Sweet–N–Lo packets. We overrule the State's cross point.

We affirm the judgment of the trial court.