# NO. 12-18-00329-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DANA LEE INGRAM,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State filed a motion for rehearing of our November 27, 2019 opinion. We overrule the motion for rehearing, withdraw our opinion of November 27, 2019, and substitute the following opinion and corresponding in its place.

The State of Texas appeals the trial court's order granting Dana Ingram's motion to quash the indictment against her for burglary of a building. In its sole issue, the State argues the trial court erred in quashing the indictment because it violated the separation of powers doctrine and misapplied the law. We affirm.

## BACKGROUND

On May 3, 2018, Appellee was indicted for burglary of a building. Thereafter, Appellee filed a motion to suppress evidence and a motion to quash the indictment. In her motion to quash, Appellee argued that the indictment did not allege with sufficient particularity how she made entry into the building. Relying on *Meru v. State*, she argued that the State failed to allege whether she partially or fully entered the building, effectively precluding her from receiving an instruction on the lesser included offense of criminal trespass.[1] The trial court relied on *Meru* in finding that the

---

[1] 414 S.W.3d 159, 164 n.3 (Tex. Crim. App. 2013).

State's indictment should be quashed for lack of particularity.[2]  At the State's request, the trial court entered written findings of fact and conclusions of law.  This appeal followed.[3]

## MOTION TO QUASH THE INDICTMENT

The State argues that the trial court misapplied the law in quashing the indictment, because it relied on dictum in reaching its conclusion that the indictment should be quashed.  Further, the State argues that the trial court erred in quashing the indictment because it violated the separation of powers clause set forth in Article II, Section 1 of the Texas Constitution and interfered with the State's prosecutorial discretion. Interspersed between these two arguments, the State also maintains that the trial court's ruling on the motion to quash has negative ramifications for the State in drafting charging instruments.  Specifically, the State contends that the ruling "imposes upon the State the impossible duty to correctly guess what evidence may be offered by a defendant at a future trial" and forces "the State to have to guess what facts to allege as necessary to be consistent with all potential lesser-included offenses," which is inconsistent with the traditional test for the sufficiency of an indictment.

### Standard of Review

The sufficiency of the indictment presents a question of law.  *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010).  Appellate courts review a trial judge's rulings on a motion to quash a charging instrument de novo.  *State v. Barbernell*, 257 S.W.3d 248, 251-52 (Tex. Crim. App. 2008).  The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case.  *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017).

### Applicable Law

The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense.  U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; TEX. CONST.

---

[2] In its brief, the State relays that no Reporter's Record has been submitted; thus, the appeal will be decided on the Clerk's Record alone.  In the findings of fact and conclusions of the law, the trial court states that no evidence was presented on the motion to quash.  However, the findings of fact and conclusions of law also state that evidence was presented at the motion to suppress which would "support a jury's finding that [Appellant] had made a full-body intrusion into the subject building."

[3] After the trial court quashed the indictment, Appellee's counsel filed for leave to withdraw, which the trial court granted.  On November 20, 2018, Appellee's trial counsel sent this Court a letter, copied to Appellee and the State, informing us that Appellee is without counsel.  Appellee's trial counsel further stated that he informed Appellee that she could retain appellate counsel or request court appointed appellate counsel.  As of the date of this opinion, we have received no pro se brief from Appellee or otherwise received any communication from Appellee.

art. V, § 12b; ***Lawrence v. State***, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *see also* ***Barbernell***, 257 S.W.3d at 250. Generally, when an indictment tracks the language of a statute it will satisfy constitutional requirements. ***State v. Mays***, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).

A person commits burglary if, without the effective consent of the owner, she (1) enters a habitation, or a building, or any portion of a building not then open to the public, with intent to commit a felony, theft, or an assault; or (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1)–(3) (West 2019). For purposes of Section 30.02, "enter" means to intrude (1) any part of the body; or (2) any physical object connected with the body. ***Id.*** § 30.02(b)(1)–(2).

A person commits criminal trespass if she enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without effective consent and the person (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so. ***Id.*** § 30.05(a)(1)–(2) (West Supp. 2019). For purposes of Section 30.05, "entry" means the intrusion of the entire body. ***Id.*** § 30.05(b)(1).

The Texas Constitution divides the powers of the government into three branches: Legislative, Executive, and Judicial. *See* TEX. CONST. art. II, § 1. Section 1 states that "no person, or collection of persons, being of one of these departments shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." ***Id.*** To establish a violation under Article II, Section 1, there must be a showing that one department has assumed, or has been delegated, to whatever degree, a power that is more properly attached to another, or that one department has so unduly interfered with the functions of another department that the other department cannot effectively exercise its constitutionally assigned powers. ***State v. Williams***, 938 S.W.2d 456, 458 (Tex. Crim. App. 1997); ***Wilkerson v. State***, 347 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

**Discussion**

We first turn to the State's argument that the trial court misapplied the law. The pertinent language of Appellant's indictment is as follows:

[O]n or about the 14ᵗʰ day of January, 2018, and anterior to the presentment of this indictment, in the County of Smith and State of Texas, DANA INGRAM did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of David Davis, the owner thereof;

AND THE GRAND JURORS AFORESAID do further present in and to said Court that on or about the 14ᵗʰ day of January, 2018, and anterior to the presentment of this indictment, in the County and State aforesaid DANA INGRAM did then and there intentionally and knowingly enter a building or a portion of a building without the effective consent of David Davis, the owner thereof, and attempted to commit or committed theft of property, namely acetaminophen with codeine pills, owned by David Davis…

In its findings of fact and conclusions of law, the trial court stated that Appellee's indictment for burglary of a building did not allege whether Appellee's entry into the building was full or partial, but noted that evidence at the suppression hearing, which is not part of the appellate record, would support a jury's finding that Appellee made a full body intrusion into the building. The trial court, relying on *Meru v. State*, found that the indictment foreclosed the possibility that Appellee could obtain an instruction on the lesser included offense of criminal trespass, because the indictment did not allege to what extent Appellee made entry into the building, i.e., full body entry or partial body entry. 414 S.W.3d 159, 164 (Tex. Crim. App. 2013). The trial court stated "*Meru* itself suggests that the motion to quash would be granted because '[t]his would force the State to re-file the indictment.'" The trial court further stated that "[n]umerous intermediate courts of appeals have followed *Meru* and none has reached a different result or distinguished *Meru*" and cited to *Andrus v. State*, 495 S.W.3d 300, 307 (Tex. App.—Beaumont 2016, no pet.), *Smith v. State*, 466 S.W.3d 871, 873 (Tex. App.—Texarkana 2015, no pet.), and *Shakesnider v. State*, 477 S.W.3d 920, 924-25 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

To address the State's contention that the trial court misapplied the law, we must undertake a discussion of the court of criminal appeal's holding in *Meru*. In that case, the defendant was charged with burglary by entering a habitation without the effective consent of the owner with intent to commit theft. *Meru*, 414 S.W.3d at 161. The defendant requested a jury instruction on the lesser included offense of criminal trespass, but the request was not specifically ruled on by the trial court and an instruction was not given. *Id.* The defendant was found guilty, and timely filed a motion for new trial which was granted based on the trial court's failure to give the jury an instruction on the lesser included offense of criminal trespass. *Id.* The State appealed, and the court of appeals affirmed the trial court's order granting a new trial. *Id.* But the court of criminal appeals reversed, holding that criminal trespass was not a lesser included offense of burglary of a

4

habitation, as pleaded in the indictment, because all the elements of the lesser included offense were not included within the proof necessary to establish the elements of the charged offense. *Id.* at 163-64.[4] The indictment alleged that the defendant entered a habitation with the intent to commit theft without the effective consent of the owner, thus, the court held that criminal trespass was not a lesser included offense because of the differences in the definitions of the word "enter" and "entry" within the burglary and criminal trespass statutes. *Id.* at 163-64.

As previously discussed, the burglary statute defines entry such that an actor could be guilty of burglary if they made a partial or full body entry into the subject habitation or building. *Id.*; *see also* TEX. PENAL CODE. ANN. § 30.02(b)(1)-(2). However, the criminal trespass statutes require an actor to make a full body entry into the subject habitation or building. *See Meru*, 414 S.W.3d at 163; *see also* TEX. PENAL CODE ANN. § 30.05(b)(1). Because criminal trespass requires proof of a greater intrusion than burglary, the difference in the definitions of "entry" will generally prohibit criminal trespass from being a lesser included offense of burglary. *Meru*, 414 S.W.3d at 163-64. The court of criminal appeals noted that it would be possible for the elements of criminal trespass to be deduced from the facts alleged in an indictment for burglary if the indictment alleges facts that include a full body entry into the habitation by the defendant. *Id.* at 164. In a footnote following this discussion, the court stated:

> In a burglary indictment in which the State does not allege whether the defendant's entry was full or partial, an instruction on criminal trespass as a lesser-included offense would be prohibited. However, a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.

*Id.* at 164 n.3.

The State argues that the trial court erred in relying on *Meru* in granting Appellee's motion to quash because the actual holding of *Meru*, as discussed above, does not support quashing the indictment. According to the State, the "trial court concluded that *dicta* in a non-dispositive footnote in that case required that the indictment be quashed." The State further argues that the

---

[4] The court undertook the two-step analysis for determining whether a lesser-included-offense instruction should be given: (1) Are the elements of the lesser-included offense included within the proof necessary to establish the elements of the charged offense? (2) Is there evidence in the record that could allow a jury to find the defendant guilty of only the lesser-included offense? *Meru*, 414 S.W.3d at 161. The first step is a question of law and does not depend on the evidence adduced at trial. *Id.*

*Andrus*, *Smith*, and *Shakesnider* cases cited by the trial court followed the actual holding of *Meru* but did not endorse or apply the contents of footnote 3.  The State cites *Young v. State* to support its argument that the statements contained in footnote 3 are dictum.  In *Young*, the court noted, in a footnote, that it is not bound by the content expressed in footnotes of its opinions.  826 S.W.2d 141, 144 n.5 (Tex. Crim. App. 1991).  Thus, the State cites to a footnote in a court of criminal appeals opinion as authority for us to ignore the statements in footnote 3 of *Meru*, a court of criminal appeals opinion.  However, judicial dicta from the court of criminal appeals, as a deliberate and unequivocal declaration of criminal law, is binding on this Court as an intermediate court of appeals.  *Ex parte Moy*, 523 S.W.3d 830, 836 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Murray v. State,* 261 S.W.3d 255, 257 (Tex. App.–Houston [14th Dist.] 2008), *aff'd*, 302 S.W.3d 874 (Tex. Crim. App. 2009).

On original submission, the State also argued that "the trial court…violated the separation of powers doctrine and unconstitutionally interfered with the State's prosecutorial discretion by quashing the burglary indictment" for failing to sufficiently allege entry.  However, both the trial judge and the prosecutor are officers of the judiciary.  *Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987) (holding that county and district attorneys are officers within the judicial department); *Williams*, 938 S.W.2d at 458 (Texas Constitution confers upon trial courts the judicial power of the State).  Because a violation of the separation of powers doctrine requires a showing that one department has assumed or been delegated a power more properly attached to another department, or that one department unduly interfered with the functions of another department such that the other department cannot effectively exercise its powers, the State did not demonstrate a separation of powers violation.  *See Williams*, 938 S.W.2d at 458; *see also Wilkerson*, 347 S.W.3d at 724.

For the first time on rehearing, the State argues that the separation of powers doctrine is implicated because the trial court's order encroached on the legislature's powers.  *See Price v. State*, 93 S.W.3d 358, 364 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (decision to consider new ground raised for first time on rehearing is within sound discretion of the appellate court).  In support of this new argument, the State points out that the legislature has met four times since the court of criminal appeals issued *Meru* and has not amended the definitions of "enter" in the burglary statute or "entry" in the criminal trespass statute to comport with footnote 3 of *Meru*. *See* TEX. PENAL CODE ANN. §§ 30.02(b)(1)-(2); 30.05(b)(1).  The State argues that it would be "far

6

more consistent with [the legislature's] intent for this Court to conclude that the [l]egislature did not, and still does not, desire that the definitions of 'enter' and 'entry' be equated so that criminal trespass can be a lesser included offense in burglary prosecutions." The State further argues that the court of criminal appeals's "attempt in footnote 3 of *Meru* to graft the criminal trespass element of 'entry' onto the burglary element of 'enter' constitutes an improper overreach and assumption of a power by the judicial department that is 'more properly' attached to the legislative department." Consequently, the State argues "[t]o the extent that the [c]ourt in *Meru* has held the definition of the criminal trespass element of 'entry' must be applied to burglary indictments it violates the separation of powers doctrine and should not be sustained as the continuing law of this jurisdiction." We are not persuaded that the trial court's order constituted a separation of powers violation. The court of criminal appeals has stated the following about the powers of the legislative, executive and judicial branches of government:

> While the lines which separate the powers of the three departments of government, i.e., the legislative, the executive and the judicial, are not always clearly drawn, still, and broadly speaking, the legislative power prescribes what the law shall be in future cases arising under it, it creates the law; the executive power executes the law and discharges and fulfills the duties required by the functions of office; while the judicial power ascertains and enforces the law as created by the legislative power. Article I is a direct prohibition of the blending of the departments. Each department acts under a delegated limited authority, and if one exceeds its authority by usurping powers not belonging to it, its acts are a nullity, not binding upon the other departments, and may be disregarded by them.

*State v. Williams*, 707 S.W.2d 40, 45 (Tex. Crim. App.) 1986). In this case, the State appealed the trial court's order quashing the indictment. Focusing on the actual act of the trial court in this case, i.e., the quashing of an indictment for lack of particularity, we hold that the trial court did not encroach on the legislature's power to proscribe the law. The State's argument urges this Court to hold the court of criminal appeals's statement in footnote 3 of *Meru* to be an encroachment on the legislature's power. As an intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals. *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006), *aff'd sub nom. State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007).

On rehearing the State also contends that our original opinion did not fully address its argument because we did not consider the contention that the trial court's order quashing the indictment interfered with the State's prosecutorial discretion, apart from the separation of powers doctrine. However, in its brief on original submission, the State inextricably tied its argument that

the trial court interfered with the State's prosecutorial discretion with its argument that such interference constituted a separation of powers violation. *See Price,* 93 S.W.3d at 364.

Nonetheless, the State argues that the indictment in this case sufficiently alleged the offense of burglary of a building because it tracked the elements of the statute, thus, the trial court interfered with the State's exclusive prosecutorial discretion by quashing a facially valid indictment. While the State cites no authority for this contention, we recognize that in most cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. *Barbernell*, 257 S.W.3d at 251. Further, when, as here, a statutory term or element is defined by statute, the charging instrument need not allege the definition of the term or element because the definitions of terms and elements are typically regarded as evidentiary matters. *Id.* However, when statutes define a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission by the defendant, the statutory language is not completely descriptive, and more particularity is required to provide notice. *Id.* As previously discussed, the burglary statute defines "entry" in two ways, i.e. partial or full body entry. *Id.*; TEX. PENAL CODE ANN. §30.02(b)(1)-(2). Moreover, footnote 3 in *Meru* unequivocally states that a burglary indictment can be quashed for lack of particularity when the indictment does not specify whether the State alleges the defendant made a full or partial body entry into the subject building or habitation. *Meru*, 414 S.W.3d at 164 n.3.; *contra Smith v. State*, 652 S.W.2d 410, 411 (Tex. Crim. App. 1983) (burglary indictment was not fatally defective for failure to allege in what manner defendant entered habitation). Thus, we are not persuaded that the trial court's order quashing the indictment should be reversed because it interfered with the State's prosecutorial discretion.

Additionally, the State argues that the implications of the trial court's ruling will unduly burden the State because it will be required to anticipate the evidence a defendant might offer at trial and what facts may be necessary to be consistent with all potential lesser included offenses. The State provides no citation to authority for why these implications would require reversal of the trial court's ruling. *See* TEX. R. APP. P. 38.1(i). Moreover, beyond its bare conclusory statement, the State offers no examples of how the trial court's ruling would have these implications in cases not involving the burglary statute. *Id.*

In this case, Appellee was charged with burglary of a building, but the indictment does not specify if she fully or partially entered the building. Appellee then moved to quash the

indictment for lack of particularity with respect to the allegation of entry, i.e., whether the State alleges that Appellee fully or partially entered the building. Footnote 3 of *Meru* specifically states that this is the procedure a criminal defendant should follow when they have made a full body entry and want the opportunity to receive an instruction on criminal trespass. *Meru*, 414 S.W.3d at 164 n.3. As an intermediate court of appeals, we are bound to follow the precedent of the Texas Court of Criminal Appeals. *Fielder v. State*, No. 12-11-00090-CR, 2012 WL 951916, at *2 (Tex. App.—Tyler Mar. 14, 2012, pet. ref'd) (mem. op.); *see Purchase v. State*, 84 S.W.3d 696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see also* TEX. CONST. art. V, § 5(a) (declaring that court of criminal appeals is final authority for criminal law in Texas). Therefore, we hold that the trial court did not err in granting Appellee's motion to quash based on *Meru* and we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 8, 2020**

**NO. 12-18-00329-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**DANA LEE INGRAM,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0567-18)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*