## ELIJAH STANFORD V. THE STATE.

*No. 255.    Decided January 23.*

**Impeached Witness May be Sustained and Corroborated by Similar Statements, When.**—A witness impeached by general bad reputation for truth and varacity can not be sustained and corroborated by showing that similar statements to those testified to had been made previously to other parties. Such sustaining testimony is only admissible when it is sought to be shown that a witness has testified under corrupt motives, or that his testimony is recently fabricated.

APPEAL from the District Court of Palo Pinto.    Tried below before Hon. J. S. STRAUGHAN.

Appellant was indicted for incest with his daughter, Samantha Stanford, and his punishment was assessed at seven years in the penitentiary.

On the trial the State's witness, Mrs. Annie Pane, testified, that on one occasion, at night, when she was sleeping in bed at defendant's house with the prosecutrix, she saw defendant come to the bed where they were sleeping and have carnal intercourse with his daughter. The defendant introduced witnesses who proved that the reputation of this witness Annie Pane for truth and veracity was bad. The State was subsequently, over objections of defendant, permitted to prove, in support of this witness's testimony, that she had made similar statements as to the occurrence to the witnesses. In qualifying the bill of exceptions reserved to the admission of this evidence, the learned trial judge states, that it was admitted because the witness had been impeached as to her truth and veracity by testimony offered by defendant. The correctness of the admission of this testimony being the only question discussed in the opinion, it is unnecessary to make a further statement of the case.

*J. M. Richards,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of incest with his daughter. Under the facts adduced on the trial, she was an accomplice. To corroborate her, the State introduced the testimony of Annie Pane, and other facts and circumstances. This witness testified positively to the incestuous intercourse between the parties. Her reputation for truth and veracity was attacked by proving it generally bad, and that she was in the habit of making different narrations of any given transaction of which she spoke. Appellant offered no evidence, and made no effort to prove she had made contradictory statements in regard to the fact that she had witnessed the intercourse between appellant and his daughter. To sustain this witness, the State, over objection, was permitted to prove she had made statements

similar to those testified by her to other parties. We have held, and adhere to the ruling, that when the adverse party proves or attempts to prove the witness has made contradictory statements, then such sustaining evidence is admissible. But we have not held, that when the witness is impeached by proving general bad reputation for truth and veracity, such witness can be thus sustained. In his valuable work on the Law of Evidence, section 570, Mr. Wharton states the rule clearly in this respect, substantially as follows: "If it is sought to be shown that the witness testified under corrupt motives, or that his testimony is recently fabricated, then such testimony is admissible to sustain the witness, and it is legitimate to prove he made the same or similar statements to others soon after the transactions." This we understand to be the correct rule. The court erred in admitting this testimony.

For this error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.