MAURICE THOMAS (ALIAS JAMES AUSTIN) V. THE STATE.

No. 18481. Delivered November 4, 1936.

The opinion states the case.

*L. Raphael Cowen,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, twelve years in the penitentiary.

Appellant is charged with burglary. The house alleged to have been entered was the home of a Mr. Pierce, in which, in the clothes closet, Pierce had a suit of clothes. On the trial he testified that on the day of the burglary he was at home practically all day, his family being in the country; that a few

minutes after six o'clock p. m. he left the house and was gone until about eight o'clock. He also testified that he did not remember whether he closed the door, but believed he did,—they usually did. He further said there was a screen door which was self-closing because of a spring in same. A Mexican girl was at the house washing and ironing during the day,—part of the time inside and part outside of the house,—who left about four o'clock p. m. This girl was not called as a witness. Pierce testified that he missed his suit of clothes a couple of days later, and found same at a second-hand store where appellant had sold it. On the trial appellant testified, denying that he entered the house, or took and sold the clothes.

To make this negro boy guilty of burglary it must be shown by testimony that he entered the house in question, or the closet in question, by the use of some degree of force applied to some part of the building. The slightest force would be sufficient. It is enough if he opened a door that was closed, or if he pushed further open a door not closed, or raised a window, or pulled or pushed open a screen door, or entered through a chimney or other unusual place; but there must be proof of some such entry.

We find in this record not one word about the condition of any other door to the house save one, and nothing about its condition when Pierce came back to it at eight o'clock p. m. which would indicate that it had been opened or entered. However, the jury might believe that appellant made entry through the door which Pierce believed he had pulled to, or through the self-closing screen door, in which case we would not be inclined to reverse the judgment if we had before us any testimony at all as to the condition of the windows and other doors or entrances to said house at the time.

It would seem incredible that a teacher such as Pierce, having a wife and family, and able to have a hired servant on the premises doing washing and ironing,—could live in a house having no windows or other entrances and only one door. No question was asked apparently, and no testimony appears, as to the condition of any other doors or entrances or of the windows. An entry in the daytime through an opened door, without force applied to the building, is not burglary. See cases cited in Branch's Annotated P. C., Sec. 2337. Whether entry at an opened window is entry at an unusual place, is a question of fact, in the particular case, for the jury. Alexander v. State, 31 Texas Crim. Rep., 359; Davis v. State, 52 Texas Crim. Rep., 335; Russell v. State, 86 Texas Crim. Rep., 588.

The closet in which the clothes were, if having walls and a door, and used as a place to keep clothes,—might be such room as that its entry by opening the door thereof would be burglary, even though the main house had been entered through an opened door or window, but we have no testimony as to the size of the closet or whether said closet had a door, and whether, if so, it was open or closed. See Anderson v. State, 17 Texas Crim. App., 305; McKinney v. State, 29 S. W. Rep., 271; Martin v. State, 1 Texas Crim. App., 525. It is thus evident that this record is wholly lacking in testimony which would sufficiently preclude the idea of an entry through some other door or entrance, or through some open window, and in the absence of evidence regarding the door of the clothes closet and a showing that same was a room, it would be manifestly unjust to presume that this unfortunate defendant entered through the particular door about which Mr. Pierce testified. This accused may be very guilty, and that fact may be clearly demonstrated before a jury, but it is not shown by the record before us.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*