BOBBY JAMES KEPLEY V. STATE

No. 29,730. April 9, 1958.

*Juliet M. Sedberry,* Fort Worth and *W. C. Boyd, Jr.,* Denton, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, two years.

The evidence offered by the state was to the effect that officers saw a .22 bolt action rifle thrown from an automobile driven by appellant; recovered the rifle, which was identified by Clint Adcock as one he had owned for twenty years and which he hung on a gun rack in a room of his house after using it to shoot

birds the previous Sunday. He had not missed the rifle before he saw it in the possession of the officers.

Our able state's attorney agrees with appellant's contention that there is not sufficient evidence to sustain the conviction for burglary.

Mr. Adcock testified that there was a screen door and another door in the opening to the room of his home where the rifle was hanging on the gun rack, and that the screen door was necessarily closed, it having a spring that pulled it closed.

We find no evidence in the record which would support the conclusion that the opening with the closed screen door was the only door by which entry could have been made into the house or the room from which the circumstantial evidence shows the rifle was taken.

If there were other openings there is no evidence that they were closed or that the house could not be entered without force or breaking through such openings, and there is no evidence that entry was made by opening the screen door or by any other breaking.

The case of Thomas v. State, 131 Texas Cr. Rep. 269, 97 S.W. 2d 955, is directly in point.

The judgment is reversed and the cause remanded.