James BOWIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 39536.

Court of Criminal Appeals of Texas.

April 27, 1966.

---

Marks, Time & Aranson by James Keith Marks, E. Brice Cunningham, Levi Curl, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Zimmermann and Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life imprisonment.

The building alleged to have been burgled was leased by Fame Fashions, Inc. for the manufacturing and shipping of dresses. The overhead door at the rear of this building was large enough to accommodate trucks, and opened into a foyer or loading dock about 10 feet deep, at the rear of which was a wall with a sliding door leading to the rest of the building.

There is no dispute that the outside overhead door to the building was open at the time of the alleged offense, and that entrance to the loading dock could be made without any "breaking." It is the state's theory that appellant broke into the interior shipping and storage department of the building by pushing open the sliding door leading from the loading dock.

Mr. Robert Newhouse testified that he and two other executives of the corporation were in the building at about 5:20 p. m. when he observed two men inside the shipping and storage area, and that they dropped a box of dresses they were carrying and ran through the sliding door, shutting it behind them. Mr. Newhouse followed and saw two men drive off in an automobile which had been backed up to the open overhead door. He positively identified appellant as one of the two men found inside the building. The automobile used in the "get-away" was shown to be registered in appellant's name.

Mr. Jules Fine testified that he was an executive of the corporation and that, as such, he had care, custody, and control of the building and the property therein, and that appellant did not have permission to be in the building or to take the box of dresses.

Other testimony showed that the corporation's employees quit work at 4:00 p. m. that day; that only the three executives mentioned above were in the building after 5:00 p. m.; that they were in offices at the front of the building; that the sliding door into the shipping and storage department was closed at about 5:00 p. m. when the manager of that department left work; and that this door would automatically return to a closed position after being opened.

The evidence that the front of the building was occupied by the three officers of the corporation; that appellant's automobile was backed up to the back door of the building; and that the intruders immediately ran out the sliding door, closing it behind them, when they were discovered, is sufficient to support a conclusion that they gained entrance to the shipping and storage area through the sliding door, which was shown to be closed only minutes before the incident occurred. Such an entry is an entry by force and constitutes "breaking" as defined by Article 1394, Vernon's Ann. P.C.; Warden v. State, Tex.Crim.App.,

366 S.W.2d 786; Sparks v. State, 34 Tex. Cr.R. 86, 29 S.W. 264.

■ Appellant contends that the evidence shows that the building was entered through the open back door, and that he therefore could not have broken into the building. Entry through an open exterior door does not preclude a verdict of guilty where the evidence shows that an inner room or compartment of the building is broken into. Thomas v. State, 131 Tex.Cr.R. 269, 97 S.W. 2d 955; Anderson v. State, 17 Tex.App. 305.

■ Appellant's next contention is that his arrest was unlawful and that his conviction is therefore void. No timely objection was made to testimony concerning appellant's arrest, however we fail to see that such testimony was harmful to appellant. No confession or other incriminatory evidence was elicited from appellant following his arrest.

■ The state introduced evidence of two prior convictions for enhancement purposes. Proof was made by introducing the indictments, judgments, and sentences of the two causes. The indictment in Cause No. D–4294–IJ charged appellant with burglary of a private residence at night. The judgment in that cause bears the notation that, "On written motion of District Attorney reduced to burglary," and shows that appellant was found guilty of "Burglary, as charged in the indictment." The sentence indicates that appellant was adjudged guilty of burglary, as charged in the indictment, and sets punishment at three years in the penitentiary. Burglary as defined in Article 1389 and 1390, Vernon's Ann.P.C., and burglary of a private residence at night, as defined in Article 1391, Vernon's Ann.P.C. are distinct and separate offenses. Litchfield v. State, 159 Tex.Cr.R. 5, 259 S.W.2d 228. A conviction for burglary cannot be supported by an indictment charging burglary of a private residence at night. Robinson v. State, 82 Tex.Cr.R. 570, 200 S.W. 162, at 166. The trial court was without authority to change the charge to burglary. "Since the indictment is the result of grand jury action, the allegations of such indictment which charge the defendant with a crime, are matters of substance and cannot be amended (even by consent of the parties) * * *." Section 71, Erisman's Manual of Reversible Errors. This prior conviction is therefore void.

■ The remaining conviction is for the offense of theft over $50.00. Felony theft and burglary, committed with the intent to commit theft, are offenses of like character and of the same nature within the meaning of Article 62, Vernon's Ann.P.C. Reynolds v. State, 311 S.W.2d 848. In accordance with the provisions of Article 62, supra, the judgment is reformed to provide that punishment be assessed at imprisonment for 12 years, the maximum punishment authorized for the offense of burglary. Article 1397, Vernon's Ann.P.C.

As reformed, the judgment is affirmed.