**Morris Ray CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–83–00224–CR, 05–83–00225–CR.

Court of Appeals of Texas, Dallas.

Feb. 21, 1984.

Texas Department of Corrections and a $10,000.00 fine. The jury assessed punishment, enhanced, for the other conviction at ninety-nine (99) years in the Texas Department of Corrections. In this published opinion we address appellant's third ground of error. In a nonpublished opinion we address appellant's sixteen other grounds of error. We find no merit in any of appellant's seventeen grounds of error. Accordingly, we affirm.

In his third ground of error appellant contends that the evidence is insufficient in one of the causes, i.e., Cause No. F82–90856–TU. This ground of error arises out of a conflict in the testimony as to whether the offense occurred in apartment 116 or apartment 117 and whether the apartment door was open. In Cause Number F82–90856–TU, the owner of the building burglarized was Bruce Smith. Smith testified that at the time of the offense he was the owner of Town Hill Villa Number Six Apartments, no. 117, that apartment 117 was not open to the public, that he did not give appellant permission to enter apartment 117, and that complainant was working for him in apartment 117 and not apartment 116. Complainant testified that the attempted rape occurred in apartment 116. Appellant argues that there was no testimony regarding who owned apartment 116 and no evidence that anybody entered apartment 117 with the intent to commit any felony or theft.

Appellant correctly points out that complainant Garcia testified that she was working in apartment 116 and that the rape attempt and assault on her and the theft of the hammer by the appellant occurred in and from that apartment. We conclude, however, that in the present case there was a conflict between the testimony of complainant and Smith, who testified that the incident occurred in apartment 117. Conflicts in the testimony do not create a reasonable doubt on the issue of guilt or innocence, rather they create fact issues for the jury's determination. *See Martin v. State,* 623 S.W.2d 391, 396 (Tex.Cr.App. 1981). Viewing the facts in the light most

Donald C. Adams, Irving, for appellant.

Jeffrey B. Keck, Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

Appellant, Morris Ray Clark, appeals two convictions for burglary of a building with intent to commit theft and rape. The jury assessed punishment for one conviction, enhanced, at ninety-nine (99) years in the

favorable to the jury's verdict, we conclude that the jury could have determined that Smith's testimony as to the number of the apartment where the incident occurred was correct and that Garcia was mistaken when she testified that she was working in apartment 116. This is especially likely in view of the fact that complainant was a victim of a terrifying experience and did not speak English well.

█ For the purposes of this opinion we assume, but do not decide, that the door to the apartment in which the offense occurred was open at the time of the offense. As to the issue of whether the door to the apartment was open, thereby making the apartment "open to the public" under appellant's argument, it is true that such distinctions were important under TEX.PENAL CODE arts. 1390–94 (1925), since a daytime entry to the building was burglarious only if it was accomplished by a "breaking" which required "actual force." This statutory scheme resulted in holdings that one who enters in the daytime through an opened door, without force applied to the building, was not guilty of burglary, *E.g., Thomas v. State,* 131 Tex.Cr. 269, 97 S.W.2d 955, 956 (1936). TEX.PENAL CODE ANN. § 30.02 (Vernon 1974), however, expanded "the scope of burglarious intrusions" by changing the "manner and time an intrusion must be made to be a burglary," and by introducing the concept of "effective consent" to cover "for example, one who enters through an open door." *See* TEX.PENAL CODE ANN. § 30.02, practice commentary (Vernon 1974). Accordingly, we conclude that an entry through an open door can constitute a burglary (assuming it is committed with requisite intent) if the building is not open to the public. Appellant's third ground of error is overruled.

Affirmed.