

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00102-CR

TYRELL DARNELL SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0351X

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

Tyrell Darnell Smith was convicted by a jury of burglary of a building, sentenced to twenty-four months in state jail, and fined $10,000.00.[1]  On appeal, Smith only complains that the trial court erred in refusing to submit criminal trespass as a lesser-included offense in the jury charge. We find that the trial court did not err in refusing to submit a lesser-included-offense instruction and affirm the judgment of the trial court.

## I.      Standard of Review

We apply a two-prong analysis to determine whether an instruction on a lesser-included offense should be included in the jury charge.  *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007).  In the first prong, we compare the elements of the offense as charged in the indictment or information with the elements of the asserted lesser-included offense.  *Meru*, 414 S.W.3d at 162; *Hall*, 225 S.W.3d at 535–36.  This first prong is a question of law and does not depend on evidence adduced at trial.  *Hall*, 225 S.W.3d at 535.  The Texas Code of Criminal Procedure provides that an offense will be a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).  Although counsel was appointed to represent Smith, Smith requested to represent himself at trial.  After a hearing, the trial court granted Smith's request, but appointed counsel was ordered to remain with Smith to assist him during trial.  Smith attended jury selection, but asked no questions of the jury panel.  Smith failed to appear when the trial began the next day, and the trial court, over the objection of appointed counsel, ordered the trial to proceed in his absence, with appointed counsel representing Smith.  Smith does not complain on appeal of any error related to his trial *in absentia*.

of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006).[2] Under this statute, an offense is a lesser-included offense of the charged offense

> if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) (per curiam). Under this approach, if the elements of the lesser-included offense can be deduced from facts alleged in the indictment, they need not be pled in the indictment. *Id.* We use the concept of functional equivalence to determine whether the elements of the lesser offense "are 'functionally the same or less than those required to prove the charged offense.'" *Meru*, 414 S.W.3d at 162 (quoting *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010)).

If in our analysis in the first prong we determine that the requested lesser offense qualifies as a lesser-included offense, then we move to the second prong and determine "whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Meru*, 414

---

[2]Although not applicable here, Article 37.09 also provides that an

offense is a lesser included offense if:

. . . .

(2)    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4)    it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09(2)–(4) (West 2006).

3

S.W.3d at 162–63 (citing *Hall*, 225 S.W.3d at 536). In this prong, we determine whether the evidence presented at trial raised a fact issue of whether the defendant was guilty of only the lesser offense. *Id.* at 163. If so, then a lesser-included-offense instruction must be given, even if the evidence is weak, contradicted, or impeached. *Id.* However, if our analysis in the first prong shows that the requested lesser offense does not qualify as a lesser-included offense, we need not proceed to the second step. *Id.* at 164.

## II. Analysis

We first examine the indictment to determine whether it alleges (1) all of the elements of criminal trespass, or (2) elements and facts from which all of these elements can be deduced. The statutory elements of burglary of a building as alleged in the indictment are that (1) Tyrell Darnell Smith, (2) "with intent to commit theft, [(3)] enter[ed] a building or a portion of a building not then open to the public, [(4)] without the effective consent of Phillip Allen, the owner thereof." *See* TEX. PENAL CODE ANN. § 30.02(a)(1). For the purposes of Section 30.02, "'enter' means to intrude: (1) any part of the body; or (2) any physical object connected with the body." TEX. PENAL CODE ANN. § 30.02(b)(1)–(2) (West 2011). A person commits criminal trespass "if the person enters . . . property of another, including . . . a building . . . without effective consent and the person: (1) had notice that the entry was forbidden . . . ." TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2014). For the purposes of Section 30.05, "'[e]ntry' means the intrusion of the entire body." TEX. PENAL CODE ANN. § 30.05(b)(1). Under these definitions, the entry element of criminal trespass requires proof of entry of the entire body, whereas burglary can be shown with only a partial entry of the body, or simply the entry of a physical object connected to the body.

4

The Texas Court of Criminal Appeals recently considered the differences in these definitions in a case involving an indictment that alleged, like the one in this case, only that the defendant entered a building with intent to commit theft, without alleging the manner of entry. *Meru*, 414 S.W.3d at 163–64. In that case, the court determined that "[b]ecause criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of 'entry' will generally prohibit criminal trespass from being a lesser-included offense of burglary." *Id.* The court explained that the

> definition of "entry" in Section 30.05(b) makes the showing of only a partial entry by the defendant insufficient for a conviction of criminal trespass. This same partial entry, however, is all that is needed to support a burglary conviction. In other words, a burglary can be complete upon only a partial intrusion onto the property, whereas the lesser offense would require a greater intrusion.

*Id.* at 163. Thus, the entry element of criminal trespass is not the functional equivalent of the entry element of burglary since the proof of entry required for criminal trespass is greater, not the same or less than, the proof for burglary. As in *Meru*, the indictment in this case, by simply alleging that Smith entered the building, does not allege the entry element of criminal trespass. Further, the indictment does not allege additional facts (such as, that Smith entered the building with his entire body) from which we can deduce this element of criminal trespass. *See id.* at 164.

Although Smith acknowledges that *Meru* may well foreclose his complaint, nevertheless, he urges us to follow the reasoning of Justice Alcala's concurring opinion and hold that the entry element under criminal trespass is the functional equivalent of the entry element for burglary. *See id.* at 167 (Alcala, J., concurring). Smith, as did the concurrence in *Meru*, relies on prior opinions by the Court of Criminal Appeals that held that criminal trespass *can* be a lesser-included offense

5

of burglary.  *See id.* at 166–67; *see also Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Day v. State*, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975), *overruled in part by Hall*, 225 S.W.3d at 537.  However, as the majority in *Meru* pointed out, in those cases, the court "never examined or addressed the issue of the difference between the definitions of 'entry' for these two offenses."  *Meru*, 414 S.W.3d at 163.  Further, *Meru* does not absolutely foreclose the possibility of criminal trespass being a lesser-included offense of burglary if the facts alleged in the indictment would allow the deduction that the entry element is satisfied.[3]  *Id.* at 164.

In this case the first prong of the lesser-included-offense analysis has not been met since the entry element for criminal trespass requires more, not the same or less, proof than entry for burglary, and no additional facts have been alleged that would support a deduction that the entry element for criminal trespass is satisfied.  Since the first prong has not been met, we need not determine whether, based on the evidence at trial, a rational jury could find that Smith is guilty only of the lesser offense.  *See id.*  Therefore, we overrule Smith's sole point of error.

---

[3]The court opined that although a burglary indictment that does not allege whether the defendant's bodily entry was complete or partial would not support a lesser-included-offense instruction,

> a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity.  This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.

*Meru*, 414 S.W.3d at 164 n.3.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     April 27, 2015
Date Decided:       May 1, 2015

Publish