COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TOMMY JAMES LEWIS, | § | No. 08-15-00015-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 109th District Court |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | of Andrews County, Texas |
| | § | (TC# 6552) |
| | § | |

**O P I N I O N**

Appellant Tommy James Lewis was convicted of burglary of a building with the intent to commit a theft, and was assessed a two-year probated state jail sentence. On appeal, Appellant contends that the trial court erred by refusing to submit the lesser-included offense of criminal trespass to the jury, and that the evidence is insufficient to support the jury's guilty verdict. We affirm.

**BACKGROUND**

Jacqueline and Boyd Neighbors live in a mobile home on a fenced three-acre lot that has a large building next to it that they refer to as the "game room." Approximately 3:30 a.m. on May 11, 2014, Jacqueline heard the family's German Shephard barking, looked out the window, and saw the dog "standing on all fours, just barking like crazy" outside the game room door. She

woke Boyd and informed him she thought someone was in the game room. Boyd went outside to investigate, and Jacqueline called the sheriff's office to report a possible burglary.

When Boyd went outside, he saw the family's dog was "going wild in the front at the game room" and shortly thereafter noticed Appellant "crouched down" under an air conditioning unit outside the building, apparently trying to protect himself from the dog. Boyd confronted Appellant who claimed he had seen lights on inside the game room and believed somebody had been in there "smoking."[1] Appellant explained that he had entered the property from the backside of the lot and had climbed over two barbed-wire fences in order to reach the game room. Not realizing that his wife had contacted the police, Boyd escorted Appellant off the property through the front gate, and observed him walk toward a trailer park across the street. Boyd later inspected the game room and found nothing missing, despite that several valuable items were in the room, including a television, guns, and alcohol.

At approximately 4 a.m., Andrews Police Officer Wayne Waldrop responded to a call regarding a burglary in process at the Neighbors' residence. When he arrived at the scene, Boyd informed Officer Waldrop that Appellant had walked across the street to a trailer located a "couple of hundred yards" from the Neighbors' property.[2] Officer Waldrop thereafter spoke with Appellant at his trailer, and Appellant informed him that he was part of a neighborhood watch group and claimed that he had entered the Neighbors' property because he had seen lights inside a building on the property and wanted to investigate the situation in the role of a "good Samaritan."

---

[1] Boyd testified that there were no lights on in the game room at that time, and speculated that an orange light from a television set inside the game room may have prompted Appellant to claim that someone had been smoking inside the building.

[2] When he first arrived at the scene, Jacqueline informed Officer Waldrop that Appellant was hiding under the air conditioner unit, but he was unable to locate Appellant at that location.

2

According to Officer Waldrop, during their conversation, Appellant admitted that he had been inside the Neighbors' game room. Officer Waldrop did not place Appellant under arrest or fill out a police report on the incident, because he was only assisting the local sheriff's office, and therefore left the arrest up to Andrews County Sheriff Deputy Aaron Villalobos, who arrived at the scene shortly after he did.

At trial Deputy Villalobos testified that he also spoke with Appellant in front of his trailer and that Appellant advised him he had seen lights on in one of the buildings on the Neighbors' property and that he believed someone needed help, prompting him to enter the building to investigate the situation. After speaking with Officer Waldrop, Deputy Villalobos placed Appellant under arrest for burglary. Incident to the arrest, Deputy Villalobos patted down Appellant for weapons and found none, but did find a "pen light" on Appellant, which the deputy explained could have been used as a flashlight. None of the officers at the scene dusted the game room for fingerprints, and none of them searched for any burglary tools or footprints in the area.

At the close of the State's evidence, Appellant moved for directed verdict, contending that the State had failed to present any evidence that Appellant had actually entered the building or that he did so with the intent to commit theft. The trial court denied the motion. The trial court also denied Appellant's request to submit a lesser-included offense instruction on criminal trespass to the jury. Consequently, the trial court's charge submitted only the burglary offense to the jury.[3]

The jury found Appellant guilty of burglary as charged in the indictment, and the trial court sentenced Appellant to a two-year probated state jail sentence.

---

[3] During its deliberations, the jury asked the court for the "relevant statutes of trespassing." With the agreement of the parties, the trial court instructed the jury that the court's charge was complete and that the jurors were only to refer to the court's charge during their deliberations.

## DISCUSSION

### Lesser-Included Offense

In his first issue, Appellant contends the trial court erred in denying his request to submit to the jury a lesser-included offense instruction on criminal trespass. We disagree.

### *Standard of Review and Applicable Law*

We conduct a two-step *Aguilar/Rousseau* analysis to determine whether the trial court should have given the jury a lesser-included offense instruction. *State v. Meru*, 414 S.W.3d 159, 162 (Tex.Crim.App. 2013); *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex.Crim.App. 2012); *Shannon v. State*, __S.W.3d__, 2015 WL 6394922, at *8 (Tex.App. – El Paso Oct. 21, 2015, no pet.) (not designated for publication). First, we must determine as a matter of law whether the requested instruction is indeed a lesser-included offense of the offense charged. *Meru*, 414 S.W.3d at 162; *Cavazos*, 382 S.W.3d at 382; *Hall v. State*, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007). To do this, we compare the elements of the offense as alleged in the indictment with those of the requested lesser offense. *Meru*, 414 S.W.3d at 162; *Shannon*, 2015 WL 6394922, at *8. This is a question of law that is independent of the evidence produced at trial. *Rice v. State*, 333 S.W.3d 140, 144 (Tex.Crim.App. 2011); *see also Meru*, 414 S.W.3d at 162. An offense is a lesser-included offense of the charged offense if the indictment for the charged offense either alleges all of the elements of the lesser-included offense, or alleges elements plus facts from which all of the elements of the lesser-included offense may be deduced. *Meru*, 414 S.W.3d at 162. Second, as a question of fact, we must determine there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense.

4

*See id.* at 162–63 (citing *Hall,* 225 S.W.3d at 536); *Guzman v. State,* 188 S.W.3d 185, 188–89 (Tex.Crim.App. 2006); *Shannon*, 2015 WL 6394922, at *8.

*Analysis*

Under Section 30.02 of the Texas Penal Code, a person commits the offense of burglary (1) if, without the effective consent of the owner, the person (2) enters a habitation, or a building (or any portion of a building) not then open to the public, (3) with the intent to commit a felony, theft, or assault. TEX. PENAL CODE ANN. § 30.02 (West 2011). Section 30.02 further provides that "enter" means to intrude any part of the body or any physical object connected with the body. *Id*. at § 30.02(b) (West 2011). Thus, "entry" for purposes of the burglary statute is established simply by proof that the plane of the opening of a building was broken, and may be accomplished by a partial entry, for example, by placing a foot inside a door frame. *See, e.g., Moore v. State,* 54 S.W.3d 529, 539-40 (Tex.App. – Fort Worth 2001, pet. ref'd).

Under Section 30.05 of the Texas Penal Code, a person commits the offense of criminal trespass (1) if the person enters or remains on or in property of another, including a building, without effective consent, and the person, (2) had notice that the entry was forbidden, or (3) received notice to depart but failed to do so. TEX. PENAL CODE ANN. § 30.05 (West Supp. 2016). Importantly, Section 30.05 provides that for purposes of criminal trespass "entry" means "the intrusion of the entire body." *Id.* § 30.05 (b)(1) (West Supp. 2016).

The Court of Criminal Appeals has recognized that under certain circumstances, criminal trespass can be a lesser-included offense of burglary of a habitation. *Meru,* 414 S.W.3d at 163 (citing *Goad v. State,* 354 S.W.3d 443, 446 (Tex.Crim.App. 2011), *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App. 1985), and *Day v. State,* 532 S.W.2d 302, 304-06 (Tex.Crim.App.

5

1975)). However, an important distinction exists between the two offenses because criminal trespass requires the State to prove that the defendant's "entire body" entered the property in question, while a burglary can be "complete upon only a partial intrusion onto the property[.]" *Id.* at 163. In other words, the offense of criminal trespass requires a "greater intrusion" than burglary, and therefore, depending on the descriptive averments in the State's indictment, the "divergent definitions of 'entry' will generally prohibit criminal trespass from being a lesser-included offense of burglary." *Id.* at 163-64. Only in cases in which the State has alleged facts in its burglary indictment that "include the full-body entry into the habitation by the defendant[,]" is an instruction on criminal trespass as a lesser-included offense of burglary warranted. *Id.* at 164. When the indictment alleges only that an "entry" was made, and does not specify whether the entry was full or partial, "an instruction on criminal trespass as a lesser-included offense would be prohibited." [4] *Id.* at 164 n.3.

In *Meru*, the State's indictment did not allege a "full-body entry," and instead only generically charged the defendant with burglary by "entering a habitation without the effective consent of the owner with intent to commit theft." *Id.* at 161. The Court therefore concluded that the defendant had not met the first prong to support the submission of a lesser-included offense instruction on criminal trespass. *Id.* Likewise, in the present case, the indictment alleges that Appellant "did then and there with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of Boyd Neighbors, the owner thereof[.]"

---

[4] The Court suggested that if a defendant's burglary indictment did not specify whether the entry was full or partial, and the defendant wished to receive a lesser-included offense instruction on criminal trespass, the defendant could file a motion to quash the indictment for lack of particularity, and force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed. In this way, either party would then be permitted to later request an instruction on criminal trespass when appropriate. *Meru,* 414 S.W.3d at 164 n.3.

Because the indictment did not specify whether the Appellant made a "full" or "partial" entry into the building, and because Appellant did not move to quash the indictment to require the State to plead with more particularity, we conclude that Appellant was not entitled to submission of a lesser-included offense instruction on criminal trespass. *See Andrus v. State,* 495 S.W.3d 300, 309 (Tex.App. – Beaumont 2016, no pet.) (relying on *Meru* to conclude that the defendant was not entitled to a lesser-included offense instruction because the burglary indictment alleged only that the defendant had entered a habitation, and did not allege whether the entry was full or only partial)*; Shakesnider v. State,* 477 S.W.3d 920, 924-25 (Tex.App. – Houston [14th Dist.] 2015, no pet.) (same); *Smith v. State,* 466 S.W.3d 871, 875 (Tex.App. – Texarkana 2015, no pet.) (same).

Having concluded that the first prong of the lesser-included offense analysis under *Meru* was not met, we need not address the second prong of the test, and we therefore overrule Appellant's first issue. *See Meru,* 414 S.W.3d at 161 (the second prong of the lesser-included-offense analysis need not be addressed when first prong is not met).

**Sufficiency of the Evidence**

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction, arguing the State failed to prove he entered the Neighbors' game room with the intent to commit a theft, and that the jury instead made an impermissible "assumption" that he harbored the requisite intent under the burglary statute. We disagree.

***Standard of Review***

We review sufficiency complaints under the legal-sufficiency standard enunciated in *Jackson v. Virginia.*[5] *See Fernandez v. State*, 479 S.W.3d 835, 837 (Tex.Crim.App. 2016);

---

[5] Appellant challenges both the factual sufficiency and legal sufficiency of the evidence. However, the legal sufficiency standard is the only standard a reviewing court applies in determining whether the evidence is sufficient

7

*Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed. 2d 560 (1979)). The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). It is the fact finder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *See Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App. 2007) (quoting *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789). If a rational fact finder could have found the defendant guilty, we will not disturb the verdict on appeal. *Fernandez*, 479 S.W.3d at 838; *see also Temple v. State,* 390 S.W.3d 341, 363 (Tex.Crim.App. 2013) (affirming judgment where evidence was legally sufficient to support a conviction).

### *Analysis*

A defendant commits a burglary if he enters a building not open to the public, without the effective consent of the owner, and with the intent to "commit a felony, theft, or an assault[.]" TEX. PENAL CODE ANN. § 30.02. Intent, as an essential element of the offense of burglary, must be proved by the State beyond a reasonable doubt, and may not be left simply to speculation and surmise. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex.Crim.App. 1986); *Greer v. State,* 437 S.W.2d 558, 559-60 (Tex.Crim.App. 1969). To find that burglary has been committed there must be evidence not only showing the burglarious entry but also that the party at the time he entered

---

to support a conviction. *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010) (finding no meaningful distinction between the legal and factual sufficiency standards and no justification for retaining both standards, and abandoning the factual sufficiency standard of review). Accordingly, we review only the legal sufficiency of the evidence to support Appellant's conviction.

had the specific intent to commit theft or a felony as alleged in the burglary indictment.[6]  *LaPoint*, 750 S.W.2d at 182; *Greer,* 437 S.W.2d at 560.

At trial Appellant denied that he had entered the building, claiming that no witnesses had actually observed him entering the building.  On appeal, however, Appellant appears willing to concede that the jury heard evidence that he was in the building without the Neighbors' permission, but argues that there was no evidence he entered the building with the intent to commit theft.[7] Appellant claims that the only direct evidence of his intent in entering the building came from the statements he made to Boyd Neighbors and the two police officers that he had entered the property to investigate "perceived problems" in the game room and his concern that his "neighbor's property [was] being tampered with."  Appellant argues that in the absence of any other direct evidence of his intent, the jury was required to make an impermissible "assumption" that he intended to commit a theft in order to find him guilty of burglary.

Contrary to Appellant's contention, it is well-settled that direct evidence of the elements of a criminal offense is not required.  *See Hooper v. State*, 214 S.W.3d 9, 14 (Tex.Crim.App. 2007). To the contrary, juries are permitted to make reasonable inferences from the evidence, and accordingly circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and can be sufficient, standing alone, to establish guilt.  *Dobbs,* 434 S.W.3d at 170;

---

[6] The indictment here alleged that Appellant entered the Neighbors' building with the intent to commit theft.

[7] Appellant's counsel argued during opening statement and closing arguments that the State had no evidence that Appellant had actually entered the game room.  He pointed out that neither of the Neighbors had actually observed Appellant inside the game room, only that they found Appellant outside the game room, and that this evidence was not sufficient to prove entry.  The State relied on the two officers at the scene, who testified that Appellant admitted to them that he had been inside the building.  This evidence was sufficient to establish entry.  *See Williams v. State,* 643 S.W.2d 477, 482 (Tex.App. – Austin 1982, no pet.) (an admission can constitute direct evidence of an offense); *see also Martinez v. State*, 304 S.W.3d 642, 660 (Tex.App. – Amarillo 2010, pet. ref'd) (the entry element of a burglary offense does not require direct evidence, and may instead be proven by inferences, just as inferences may be used to prove the elements of any other offense).

*Carrizales v. State,* 414 S.W.3d 737, 742 n.20 (Tex.Crim.App. 2013) (citing *Hooper,* 214 S.W.3d at 13). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Dobbs*, 434 S.W.3d at 170; *Hooper,* 214 S.W.3d at 13. Therefore, a lack of direct evidence is not dispositive on the issue of the defendant's guilt. *Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

Moreover, it has long been recognized that there will rarely be direct evidence of a defendant's intent, due to its elusive nature, and thus mental culpability must generally be inferred from the circumstances under which the prohibited act occurs. *Hernandez v. State,* 819 S.W.2d 806, 810 (Tex.Crim.App. 1991); *Wallace v. State*, 52 S.W.3d 231, 235 (Tex.App. – El Paso 2001, no pet.). Accordingly, in a burglary prosecution, as in any other case, the jury is free to infer the defendant's intent to commit theft from the defendant's conduct and surrounding circumstances. *See Lewis v. State,* 715 S.W.2d 655, 657 (Tex.Crim.App. 1986); *see also LaPoint,* 750 S.W.2d at 182 (intent in a burglary case may be inferred from the defendant's own conduct and surrounding circumstances); *Simmons v. State,* 590 S.W.2d 137, 138 (Tex.Crim.App. 1979) (as in any other case requiring intent, in a burglary prosecution, the intent to commit theft may be inferred from the circumstances).

In the present case, Appellant's conduct and the circumstances surrounding his entry into the Neighbors' game room were sufficient to allow the jury to reasonably infer that Appellant entered the building with the intent to commit a theft. In particular, the jury heard evidence that Appellant entered the Neighbors' property in the middle of the night by climbing over two barbed-wire fences, after which he entered the game room without the Neighbors' consent. Further, he

10

was later found hiding in an area outside the building, and was found in possession of a flashlight when he was arrested. *See, e.g., Wilkerson v. State,* 927 S.W.2d 112, 115 (Tex.App. – Houston [1st Dist.] 1996, no pet.) (intent to commit theft was demonstrated by the defendant's nonconsensual nighttime entry into closed grocery store, defendant's possession of gloves and a flashlight, his attempt to hide from the officers, and his inconsistent stories about having lawfully entered the store and then fallen asleep); *Davis v. State,* 783 S.W.2d 313, 318 (Tex.App. – Corpus Christi 1990, pet. ref'd, untimely filed) (intent to commit theft sufficiently shown where entry happened at night, defendant ran away when he was discovered, and left flashlight on window sill); *Thomas v. State*, 750 S.W.2d 320, 321-22 (Tex.App. – Dallas 1988, no pet.) (defendant set off alarm at warehouse in middle of night and was found hiding inside); *see* also *LaPoint,* 750 S.W.2d at 182 (prosecutor could properly argue that intent to commit theft could be inferred from evidence that defendant entered the owner's property at night without the owner's consent).

Although Appellant finds it significant that he presented an alternative theory that he entered the building in an attempt to investigate suspicious activities on the Neighbors' property, the jury was free to reject Appellant's theory and instead believe the State's theory that he entered the building with the intent to commit theft. *See, e.g., Lopez v. State*, 884 S.W.2d 918, 921 (Tex.App. – Austin 1994, pet. ref'd) (it is the jury's prerogative to weigh the evidence, to judge the credibility of the witnesses, to choose between conflicting theories of the case, and to choose between conflicting inferences raised by the evidence) (citing *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App. 1991)); *Coleman v. State,* 832 S.W.2d 409, 414-15 (Tex.App. – Houston [1st Dist.] 1992, pet. ref'd) (evidence was sufficient to prove that the defendant had the intent to commit

11

aggravated assault when he entered his estranged wife's apartment even though defendant claimed he entered apartment because he believed his wife was in danger).

We likewise reject Appellant's notion that the jury could not find he had the requisite intent to commit a theft because there were no signs of forced entry. Burglary, as defined in the Penal Code, does not require that a defendant's entry into a building be forced, only that it was made without the effective consent of the owner. *See Jackson v. State*, 424 S.W.3d 140, 148 (Tex.App. – Texarkana 2014, pet. ref'd) (citing *Ellett v. State,* 607 S.W.2d 545, 549 (Tex.Crim.App. 1980)). Appellant's concession that he entered the building without the Neighbors' permission rendered the entry unlawful, regardless whether it was forced or not. *Id.* (defendant's admission that he made a mistake entering the victim's apartment was sufficient to support a finding that he entered the apartment without the victim's consent); *see also Evans v. State,* 677 S.W.2d 814, 818 (Tex.App. – Fort Worth 1984, no pet.) ("A person can make an unlawful entry by walking through an open door when the entry is without the owner's consent."); *Clark v. State,* 667 S.W.2d 906, 908 (Tex.App. – Dallas 1984, pet. ref'd) ("entry through an open door can constitute a burglary . . . if the building is not open to the public").

And finally, we reject Appellant's argument that the jury could not find that he had the requisite intent merely because the evidence demonstrated that no items were missing from the game room. It is well-established that burglary does not require proof of a "completed theft," and that the State is required to prove only that Appellant had the intent to commit a theft as alleged in the indictment. *See Richardson v. State,* 888 S.W.2d 822, 824 (Tex.Crim.App. 1994) (the State is not required to prove the actual commission of theft to prove burglary); *Lewis v. State,* 715 S.W.2d 655, 657 (Tex.Crim.App. 1986) (to sustain burglary conviction, it is only necessary to

12

prove the unlawful entry was made for the purpose of committing theft; therefore the State need no prove that the defendant took anything of value after the unlawful entry was made). The indictment did not allege a completed theft, only that Appellant entered the building with the intent to commit theft, and as previously discussed, the evidence was sufficient to allow a rational jury to infer from Appellant's own conduct and the surrounding circumstances that Appellant had the requisite intent to commit a theft when he entered the Neighbors' game room without their permission.

Although not raised as a separate issue, Appellant also contends that the jury was not entitled to infer that he had the requisite intent to commit a theft in the absence of an instruction regarding "presumed facts," which he believes was required by Section 2.05 of the Texas Penal Code. Section 2.05 of the Code provides that when the existence of a "presumed fact" is submitted to the jury, the court must charge the jury with regard to the "terms of the presumption and the specific element to which it applies[.]"[8] TEX. PENAL CODE ANN. § 2.05 (West 2011). However, an instruction under Section 2.05 is required only when the relevant penal code provision itself or some other relevant law "establishes a presumption with respect to any fact" at issue in the case. *See id*. at § 2.05(a); *see also Webber v. State*, 29 S.W.3d 226, 230 (Tex.App. – Houston [14th Dist.] 2000, pet. ref'd) (requiring jury instruction on presumptions where the offense

---

[8] Section 2.05(a) provides in relevant part that "when this code or another penal law establishes a presumption with respect to any fact, it has the following consequences: (1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury . . . and (2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury . . . (A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt; (B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find; (C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and (D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose." TEX. PENAL CODE ANN. § 2.05 (West 2011).

of deadly conduct included a presumption that "[r]ecklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded"). Section 30.02 of the Penal Code which defines burglary contains no such provision. *See LaPoint,* 750 S.W.2d at 182 (noting that nothing in the burglary statutes indicates that a jury may presume intent from any item of evidence in order to establish that essential element of burglary). Accordingly, it would have been improper for the trial court to give the jury a Section 2.05 instruction. Consequently, the trial court properly instructed the jury that it could infer the requisite elements of burglary by making "deductions and reach[ing] conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence."[9] *See id.* (explaining that while the burglary statute does not permit a jury to presume intent from particular evidence, the jury may nevertheless infer intent from the surrounding circumstances).

We conclude the jury was properly instructed and that sufficient evidence supported the jury's verdict. Accordingly, we overrule Appellant's second issue.

**CONCLUSION**

The trial court's judgment is affirmed.

May 26, 2017                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating

(Do Not Publish)

---

[9] Appellant appears to be confusing the concept of a jury's right to *infer* the element of intent from the totality of the evidence presented at trial, with a statutory mandate allowing a jury to *presume* an element from a specific set of facts. As the Court of Criminal Appeals has explained, when a Code provides for a presumed fact, a jury may find that the element of the offense sought to be presumed exists, but it is not bound to find so; in contrast, an inference is a conclusion reached by considering other facts and deducing a logical consequence from them. *Hooper v. State*, 214 S.W.3d 9, 16 (Tex.Crim.App. 2007).

14