# NO. 12-19-00389-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FELIPE NIEVES-PEREZ,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Felipe Nieves-Perez appeals his conviction for engaging in organized criminal activity. In three issues, Appellant challenges the trial court's denial of his motion to quash the indictment, the length of his sentence, and the constitutionality of his court costs. We affirm.

## BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity and unlawful interception, use or disclosure of wire, oral, or electronic communications. He filed a motion to quash the indictment in the organized crime case based—in pertinent part—on the ground that it fails to give adequate notice. After a hearing, the trial court denied the motion to quash. Subsequently, Appellant pleaded "guilty" to the organized crime charge, and the matter proceeded to a jury trial on punishment.

At the punishment trial, the evidence showed that a convenience store owner told the Tyler Police Department he found a credit card skimming device inside one of his gas pumps. Through the use of an innovative investigation strategy, Tyler Police officers were able to apprehend Appellant and his two codefendants while they were attempting to recover stolen credit card information from the skimming device. In their possession, the officers found two

computers and about forty gift cards containing credit card information stolen from over three hundred people.

Ultimately, the jury assessed Appellant's punishment at imprisonment for life. This appeal followed.

**MOTION TO QUASH**

In Appellant's first issue, he argues that the trial court erred by denying his motion to quash the indictment because the indictment fails to (1) allege a proper predicate offense, (2) track the engaging statute, and (3) state an offense under the engaging statute.

**Standard of Review and Applicable Law**

A criminal defendant has a constitutional right to fair notice of the charged offense. ***State v. Barbernell***, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). A charging instrument must convey sufficient notice to allow the accused to prepare a defense. *Id.* To that end, the code of criminal procedure provides that an indictment must include everything that is necessary to be proved. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 21.03 (West 2009). In most cases, an indictment that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. ***Barbernell***, 257 S.W.3d at 251. We review a trial court's ruling on a motion to quash a charging instrument de novo. ***Smith v. State***, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010).

A person commits the offense of engaging in organized criminal activity as alleged in this case if,

> with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit
>
> . . . .
>
> (8) any felony offense under Chapter 32[.]

TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2020).

**Analysis**

The indictment in this case alleges that Appellant

> did then and there, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, the combination consisting of the defendant and Yoerlan Suarez-

2

Corrales and Dairon Jimenez-Roja, who collaborated in carrying on criminal activity, intentionally and knowingly commit the offense of Fraudulent Use or Possession of Identifying Information More Than 10 But Less Than 50 Items[.]

Under Chapter 32 of the penal code, a person commits the offense of fraudulent use or possession of identifying information if he, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of

(1) identifying information of another person without the other person's consent or effective consent;

(2) information concerning a deceased natural person, including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization;

(3) identifying information of a child younger than 18 years of age.

*Id.* § 32.51(b) (West Supp. 2020). An offense under Section 32.51 is a second degree felony when the number of items obtained, possessed, transferred, or used is ten or more but less than fifty. *Id.* § 32.51(C)(3) (West Supp. 2020).

In arguing that the indictment failed to provide proper notice, Appellant noted in his motion to quash that he was never arrested for or charged with fraudulent use or possession of identifying information. He further noted that unlawful interception, use or disclosure of wire, oral, or electronic communications,[1] with which he was charged, is not a predicate offense for engaging in organized criminal activity. *See id.* § 71.02(a). Finally, Appellant argued that the indictment fails to provide notice in violation of his right to due process because it "lists a new offense without material elements [and] does not properly track the language of the predicate offense[.]" He argues similarly on appeal. We disagree.

First, regarding Appellant's apparent argument that a defendant charged with engaging in organized criminal activity must be separately charged with the underlying offense, we note that he cites no authority for this proposition, and we know of none. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). To the contrary, the court of criminal appeals has held that prosecuting a defendant for both engaging in organized criminal activity and its predicate offense violates the constitutional

---

[1] *See* TEX. PENAL CODE ANN. § 16.02(b) (West 2019).

prohibition against double jeopardy. *See **Ex parte Chaddock***, 369 S.W.3d 880, 882 (Tex. Crim. App. 2012); U.S. CONST. amend. V. Therefore, we reject any argument that the indictment failed to provide notice because Appellant was not arrested for or charged with the predicate offense.

Furthermore, we reject Appellant's argument that his indictment failed to provide notice by naming the predicate offense without tracking the language of its statute and listing its elements. When an element of an offense is the commission of an underlying offense, courts have consistently held that the elements of and facts surrounding the underlying offense need not be alleged in the indictment. *See, e.g.*, ***Alba v. State***, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995) (in capital murder case, indictment need not allege constituent elements of underlying offense); ***Linville v. State***, 620 S.W.2d 130, 131 (Tex. Crim. App. 1981) (in robbery case, elements and facts surrounding underlying theft need not be alleged in indictment); ***Crum v. State***, 946 S.W.2d 349, 359 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (in organized crime case, indictment need not allege manner and means of underlying offense). Consequently, we conclude that the indictment here was not required to track the language or list the elements of the underlying offense in order to provide adequate notice of the charged offense. *See **id.*** Accordingly, we overrule Appellant's first issue.

## CRUEL AND UNUSUAL PUNISHMENT

In Appellant's second issue, he argues that his life sentence is grossly disproportionate to his offense and constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions. He contends that he preserved his complaint for our review by raising it in a motion for new trial and obtaining an adverse ruling in the trial court.

Before a complaint may be presented for appellate review, the record must show that it was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). An appellant fails to preserve error by failing to object when he has the opportunity. ***Burt v. State***, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013). A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Id.* at 577. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object during the punishment hearing. *Id.* at 577 n.4.

In this case, after the trial judge assessed Appellant's punishment at imprisonment for life in accordance with the jury's verdict, she asked whether there was any legal reason why the

sentence could not be formally pronounced. Defense counsel responded, "No, Your Honor." Because Appellant had the opportunity to object to his sentence at the punishment hearing and failed to do so, we conclude that he failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); *Burt*, 396 S.W.3d at 577-78.

Furthermore, even if Appellant preserved his issue, we could not grant him relief because his sentence does not constitute cruel and unusual punishment. The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment falling within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. Under the applicable law, Appellant was convicted of engaging in organized criminal activity, a first degree felony, enhanced, the punishment range for which is imprisonment for fifteen to ninety-nine years or life and a possible fine of no more than $10,000.00. *See* TEX. PENAL CODE ANN. §§ 71.02(b) (West Supp. 2020), 12.42(C)(1) (West 2019). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges us to perform the three-part test originally set forth in *Solem v. Helm* 463 U.S. 277, 103 S. Ct. 3001 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction,

and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his offense. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265-66, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In this case, the combination of offenses committed by Appellant—engaging in organized criminal activity with a prior felony conviction for theft—is no less serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's sentence is the same as the one upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, then neither is Appellant's sentence in this case. Therefore, the threshold test has not been satisfied, and we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46. Accordingly. we overrule Appellant's second issue.

## COURT COSTS

In Appellant's third issue, he argues that the trial court erred by assessing an unconstitutional time payment fee as a court cost under former Section 133.103 of the Texas Local Government Code. Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996-97 (amended and redesignated 2019) (current version at TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020)). Several courts, including this one, have held subsections (b) and (d) of Section 133.03 unconstitutional. *See, e.g.*, *Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020, pet. filed) (mem. op., not designated for publication); *Ovalle v. State*, 592 S.W.3d 615, 618 n.1 (Tex. App.—Dallas 2020, pet. filed); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019, pet. filed); *Dulin v. State*, 583 S.W.3d 353 (Tex. App.—Austin 2019, pet. granted); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). However, we do not agree that the trial court assessed the time payment fee in this case.

The judgment in this case shows $229.00 in court costs. The bill of costs likewise shows $229.00 in court costs and states the following:

> An additional time payment fee of $25.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs or restitution is entered. **See Texas Local Government Code, Section 133.103.**

Although the bill of costs states that the time payment fee could be assessed, the record does not show that it was assessed. Because the record does not show that the time payment fee was assessed, we conclude Appellant's argument is without merit. Accordingly, we overrule his third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-19-00389-CR**

**FELIPE NIEVES-PEREZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1656-18)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*